**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| WILLIAM A. GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| FAY SERVICING, LLC and U.S. BANK | ) | |
| TRUST COMPANY, NATIONAL | ) | |
| ASSOCIATION, as INDENTURE | ) | |
| TRUSTEE OF CIM TRUST 2025-NR1, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441(a) and 1446, Defendants Fay Servicing, LLC

and U.S. Bank Trust Company, National Association, as Indenture Trustee of CIM

Trust 2025-NR1 (Defendants) give notice of the removal of the proceeding entitled

*William A. Gray v. Fay Servicing, LLC and U.S. Bank Trust Company, National*

*Association, as Indenture Trustee of CIM Trust 2025-NR1*, designated Case No. 02-

CV-2026-900690, pending in the Circuit Court of Mobile County, Alabama, to the

United States District Court for the Southern District of Alabama, Southern

Division.[1] As explained below, federal-question jurisdiction exists in this action. *See*

28 U.S.C. § 1331.

---

[1] Defendants specifically reserve any and all applicable defenses pursuant to Federal Rule of Civil
Procedure 12.

1

## Introduction and Factual Background

A.    The Complaint. On March 5, 2026, Plaintiff William A. Gray filed a complaint against Fay Servicing, LLC and U.S. Bank Trust Company, National Association, as Indenture Trustee of CIM Trust 2025-NR1. The case is pending as Case No. 02-CV-2026-900690 in the Circuit Court of Mobile County, Alabama. In the complaint, Mr. Gray alleges that Defendants violated the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601 *et seq.*, and its implementing regulations, 12 C.F.R. § 1024.1 *et seq.* (Regulation X); the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*; and the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.* In accordance with 28 U.S.C. § 1446, all pleadings, process, and orders served on Defendants—including the complaint—while this case was pending in the Circuit Court for Mobile County, Alabama are attached as **Exhibit A**.

B.    All Defendants Join. Defendants are the only named and served defendants in this action. Thus, in accordance with federal law, all named and properly-served defendants in this action have joined in this Notice of Removal. *See* 28 U.S.C. § 1446(b)(2)(A).

## Basis for Removal – Federal-Question Jurisdiction

A.    Removal is proper under 28 U.S.C. § 1331. In his Complaint, Mr. Gray asserts claims under RESPA and Regulation X, the FDCPA, and the FCRA (*See*

Compl. at ¶ 1 (alleging that Defendants wrongfully attempted to foreclose on Plaintiff's property "in violation of the Real Estate Settlement Procedures Act ('RESPA'), 12 U.S.C. § 2601 et seq., and its implementing regulations, 12 C.F.R. § 1024.1 et seq. ('Regulation X'); the Fair Debt Collection Practices Act ('FDCPA'), 15 U.S.C. § 1692 et seq.; the Fair Credit Reporting Act ('FCRA'), 15 U.S.C. § 1681 et seq.")).

The removal statute, 28 U.S.C. § 1441(a), provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("[A]ctions that originally could have been filed in federal court may be removed to federal court by the defendant.").

This Court has subject-matter jurisdiction over cases that arise under federal law. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). A case "arises under" federal law when the federal question appears on the face of the plaintiff's well-pleaded complaint. *See Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009).

The Complaint here asserts claims under federal law—RESPA, the FDCPA, and the FCRA—and this Court will have to address whether Defendants are liable under those federal laws. In addition, these federal statutes contemplate that these claims can be asserted in district court. *See* 12 U.S.C. § 2614 ("Any action pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought in the United States district court . . . for the district in which the property involved is located"); 15 U.S.C. § 1692k(d) ("An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court"); 15 U.S.C. § 1681p ("An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court"). By pleading a claim arising under federal law, the Complaint discloses the federal questions at issue in this action, and this Court is thus vested with jurisdiction under 28 U.S.C. § 1331.

In addition, to the extent that Mr. Gray intends to assert state law claims, this Court has supplemental jurisdiction over any and all such claims asserted in the Complaint under 28 U.S.C. § 1367(a). Mr. Gray's state law claims are sufficiently related to his federal claims, and all of the claims form part of the same case or controversy.

B.      Removal is Proper. Since this matter involves a claim arising under federal law, the United States District Court for the Southern District of Alabama

has original jurisdiction pursuant to 28 U.S.C. § 1331. Accordingly, Defendants have established the requirements for removal under 28 U.S.C. §§ 1441 and 1446.

### **The Notice of Removal is Procedurally Correct**

A.    <u>Venue is Proper</u>. In accordance with 28 U.S.C. § 1391(b)(2), venue is proper in the United States District Court for the Southern District of Alabama, Southern Division, because, according to the Complaint, the Property that is the subject of the action is located in Mobile County, Alabama. Pursuant to 28 U.S.C. § 1441(a), then, this case may be removed to the United States District Court for the Southern District of Alabama, Southern Division.

B.    <u>Removal is Timely</u>. Defendants received notice of the Complaint on March 7, 2026, when counsel entered an appearance for Defendants. Defendants were served with the Complaint on March 12, 2026, and March 16, 2026. Thus, thirty days have not expired since they were served, making removal proper in accordance with 28 U.S.C. § 1446(b). In accordance with 28 U.S.C. § 1446, copies of all pleadings, process, and orders filed in this action while it was pending in state court are attached to this Notice of Removal as Exhibit A.

C.    <u>The State Court has been Notified</u>. A copy of the notice of filing notice of removal that will be filed with the Circuit Court of Mobile County, Alabama is attached as **Exhibit B**.

## **Conclusion**

For these reasons, Defendants respectfully request this Court to proceed with the matter as if it had been originally filed herein and to grant Defendants such other relief to which it is justly entitled.

Respectfully submitted on this the 6th day of April, 2026.

/s/ Jade E. Sipes
JADE E. SIPES
Attorney for Defendants Fay Servicing, LLC and U.S. Bank Trust Company, National Association, as Indenture Trustee of CIM Trust 2025-NR1

**OF COUNSEL:**
BAKER, DONELSON, BEARMAN,
  CALDWELL & BERKOWITZ, P.C.
1901 Sixth Ave. N., Ste. 2600
Birmingham, Alabama 35203
Telephone (205) 328-0480
Facsimile (205) 322-8007
jsipes@bakerdonelson.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2026, the foregoing has been served upon the following via U.S. First Class Mail, postage prepaid and properly addressed as follows:

Kenneth James Lay, Esq.
Lay Law LLC
1117 22nd Street South
Birmingham, Alabama 35205
Tel: (205) 776-2051
Fax: (205) 776-2040

/s/ Jade E. Sipes
OF COUNSEL