# EXHIBIT A

ELECTRONICALLY FILED
3/5/2026 9:37 PM
02-CV-2026-900690.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
ASHLEIGH LONG, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/25 | **COVER SHEET<br>CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case: 02<br><br>Date of Filing:   Judge Code:<br>03/05/2026 |
|---|---|---|

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA**
**WILLIAM A. GRAY v. FAY SERVICING, LLC ET AL**

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other    **First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA  - Wrongful Death
☐ TONG  - Negligence: General
☐ TOMV  - Negligence: Motor Vehicle
☐ TOWA  - Wantonness
☐ TOPL   - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM  - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM   - Fraud/Bad Faith/Misrepresentation
☑ TOXX   - Other: _____

**TORTS: PERSONAL INJURY**
☐ TOPE   - Personal Property
☐ TORE   - Real Properly

**OTHER CIVIL FILINGS**
☐ ABAN   - Abandoned Automobile
☐ ACCT   - Account & Nonmortgage
☐ APAA   - Administrative Agency Appeal
☐ ADPA   - Administrative Procedure Act
☐ ANPS   - Adults in Need of Protective Service

**OTHER CIVIL FILINGS  (cont'd)**
☐ MSXX   - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT   - Civil Rights
☐ COND   - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP   - Contempt of Court
☐ CONT   - Contract/Ejectment/Writ of Seizure
☐ TOCN   - Conversion
☐ EQND   - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD   - Eviction Appeal/Unlawful Detainer
☐ FORJ   - Foreign Judgment
☐ FORF   - Fruits of Crime Forfeiture
☐ MSHC   - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB   - Protection From Abuse
☐ EPFA   - Elder Protection From Abuse
☐ QTLB   - Quiet Title Land Bank
☐ FELA   - Railroad/Seaman (FELA)
☐ RPRO   - Real Property
☐ WTEG   - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP   - Workers' Compensation
☐ CVXX   - Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ INITIAL FILING        P ☐ APPEAL FROM PROBATE COURT
             A ☐ APPEAL FROM DISTRICT COURT    O ☐ OTHER

**HAS JURY TRIAL BEEN DEMANDED?**   ☐ YES ☑ NO   **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

LAY002          3/5/2026 9:37:29 PM          /s/ Law offices Kenneth Lay
                    Date                    Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**   ☐ YES ☐ NO ☑ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**   ☐ YES ☑ NO

ELECTRONICALLY FILED
3/5/2026 9:37 PM
02-CV-2026-900690.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
ASHLEIGH LONG, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY ALABAMA

| | |
|---|---|
| WILLIAM A. GRAY, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: |
| | ) CV-2026- |
| FAY SERVICING, LLC and | ) |
| U.S. BANK TRUST COMPANY, | ) |
| NATIONAL ASSOCIATION, as | ) |
| INDENTURE TRUSTEE OF CIM | ) |
| TRUST 2025-NR1,, | ) |
| | ) |
| DEFENDANTS. | ) |

## COMPLAINT

Plaintiff, William A. Gray ("Plaintiff"), by and through his undersigned counsel, Kenneth James Lay brings this Verified Complaint against Defendants Fay Servicing, LLC ("Fay") and U.S. Bank Trust Company, National Association, as Indenture Trustee of CIM Trust 2025-NR1 ("U.S. Bank") (collectively, "Defendants"), and alleges as follows:

## INTRODUCTION

1. This is an action for injunctive relief, declaratory judgment, and damages arising from Defendants' wrongful attempts to foreclose on Plaintiff's property located at 14685 Zirlott Road, Coden, Alabama 36523 (the "Property"), in violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C.

1

§ 2601 et seq., and its implementing regulations, 12 C.F.R. § 1024.1 et seq. ("Regulation X"); the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.; the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.; and breach of contract, unjust enrichment, defamation (including libel and slander), false light, and invasion of privacy, quiet title, and declaratory relief.

2. Plaintiff disputes the validity of the alleged debt in its entirety, asserting that the underlying mortgage loan was paid in full in 2015. Despite repeated disputes, including a Consumer Financial Protection Bureau ("CFPB") complaint filed on January 27, 2025, and a Notice of Error ("NOE") and Qualified Written Request ("QWR") dated March 2, 2026, sent to Fay, Defendants have failed to respond adequately to the NOE/QWR or cease collection and foreclosure activities.

3. Defendants have continued with foreclosure proceedings, including publishing a Notice of Mortgage Foreclosure Sale for March 6, 2026, assessing improper fees (e.g., $227.50 in foreclosure attorney fees on February 9, 2026), and reporting derogatory information to credit reporting agencies, causing Plaintiff actual damages including emotional distress, credit damage, and the imminent risk of losing his home.

2

4.  Plaintiff seeks a temporary restraining order ("TRO"), preliminary injunction, and permanent injunction to halt the foreclosure sale; declaratory judgment that the debt is invalid and the lien is satisfied; actual, statutory, and punitive damages; attorneys' fees and costs; and other relief as set forth herein.

## JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction over this action pursuant to Ala. Code § 12-11-30, as the Circuit Court has general jurisdiction over civil actions exceeding $3,000 in controversy. Additionally, this Court has concurrent jurisdiction over the federal claims under RESPA, FDCPA, and FCRA pursuant to 12 U.S.C. § 2614 (RESPA), 15 U.S.C. § 1692k(d) (FDCPA), and 15 U.S.C. § 1681p (FCRA).

6.  Venue is proper in Mobile County pursuant to Ala. Code § 6-3-2(a)(3), as the Property that is the subject of this action is located in Mobile County, Alabama, and the cause of action arose in connection with real property situated therein.

## PARTIES

7.  Plaintiff William A. Gray is an individual residing at 310 Campbell Road, Warrior, Alabama 35180, and is the borrower and owner of the Property located at 14685 Zirlott Road, Coden, Alabama 36523.

8.  Defendant Fay Servicing, LLC is a limited liability company with its principal place of business at 440 South LaSalle Street, Suite 2000, Chicago, Illinois

3

60605, and is engaged in mortgage servicing in Alabama. Fay is the current servicer of the loan at issue and is a "servicer" under RESPA, 12 U.S.C. § 2605(i)(2), and a "debt collector" under FDCPA, 15 U.S.C. § 1692a(6). Fay may be served with process at its registered agent or through its designated service address in Alabama.

9. Defendant U.S. Bank Trust Company, National Association, as Indenture Trustee of CIM Trust 2025-NR1, is a national banking association with its principal place of business at 60 Livingston Avenue, St. Paul, Minnesota 55107. U.S. Bank is the purported current holder of the mortgage note and is engaged in mortgage lending and trust activities in Alabama. U.S. Bank is a "creditor" under the FCRA, 15 U.S.C. § 1681a(r), and is vicariously liable for the actions of its agents, including Fay. U.S. Bank may be served with process at its registered agent in Alabama or through its principal place of business.

## FACTUAL ALLEGATIONS

10. On or about February 9, 2000, Plaintiff entered into a mortgage loan agreement with American General Finance, Inc., as the original creditor, secured by a mortgage/deed of trust on the Property located at 14685 Zirlott Road, Coden, Alabama 36523. The original unpaid principal balance was approximately $10,894.91 at the time of transfer to subsequent servicers.

4

11. Plaintiff asserts that the loan was paid in full in 2015, as evidenced by documentation including a satisfaction of mortgage, payoff letter, closing documents, or other records confirming closure. Despite this, the loan was allegedly transferred to subsequent servicers and holders, including Bayview Loan Servicing, LLC (which purportedly modified the loan permanently in 2018), Select Portfolio Servicing, and ultimately to Fay Servicing, LLC on February 1, 2023, with U.S. Bank as the purported current holder via an assignment.

12. Beginning in at least January 2020, Defendants began asserting an improper delinquency on the loan, claiming default since January 1, 2020, and maturity on December 1, 2023. This led to the referral of the loan to foreclosure on September 12, 2024, by Fay on behalf of U.S. Bank.

13. On January 27, 2025, Plaintiff filed a complaint with the Consumer Financial Protection Bureau (CFPB Case No. 250124-18313391), disputing the debt and asserting the 2015 payoff. Fay responded on January 29, 2025, stating that records from prior servicer Bayview purportedly showed no payoff and that the loan was acquired with an unpaid principal balance of $10,894.91. Fay further noted the 2018 modification but provided no explanation reconciling it with the alleged 2015 payoff. Fay advised that the loan was in foreclosure, with a sale scheduled for January 30, 2025 (later postponed).

5

14. Despite the ongoing dispute, Defendants continued collection efforts, including initiating foreclosure proceedings and publishing a Notice of Mortgage Foreclosure Sale for March 6, 2026.

15. On February 17, 2026, Fay issued a mortgage statement showing an accelerated balance of $30,194.55, an escrow balance of $3,058.52, and improper fees, including a $227.50 foreclosure attorney fee assessed on February 9, 2026.

16. On March 2, 2026, Plaintiff's counsel sent a Notice of Error (NOE) and Qualified Written Request (QWR) to Fay pursuant to RESPA, 12 U.S.C. § 2605(e) and 12 C.F.R. § 1024.35, identifying multiple servicing errors, including: (a) failure to acknowledge the 2015 payoff and improper assertion of delinquency and balance; (b) charging an incorrect interest rate; (c) imposition of improper and unauthorized fees and expenses; (d) incomplete or inaccurate loan accounting; (e) failure to provide monthly statements; (f) dual-tracking violations by proceeding with foreclosure amid unresolved disputes; and (g) other errors relating to servicing. The NOE/QWR requested specific information and documents, including life-of-loan payment history, chain of title, interest calculations, and confirmation of lien release.

17. Fay responded to a prior undated correspondence (received January 6, 2026) on January 28, 2026, declining to review the alleged errors as duplicative of

6

the January 29, 2025, response, without providing new substantiation. Fay reiterated the lack of payoff evidence and noted the scheduled foreclosure sale for March 3, 2026 (inconsistently stated as March 3 or March 6 in various documents). Defendants have not provided the requested documents or corrections, nor have they canceled the foreclosure sale scheduled for March 6, 2026.

18. Defendants' actions have violated federal and state laws, including failing to respond adequately to the NOE/QWR, imposing improper fees, inaccurately reporting to credit agencies, and proceeding with foreclosure amid unresolved disputes, constituting dual-tracking under 12 C.F.R. § 1024.41(f) and (g). These violations have caused Plaintiff actual damages, including emotional distress, credit damage, financial harm from improper fees, and the imminent loss of his property.

19. The foreclosure sale is scheduled for March 6, 2026, creating an immediate and irreparable harm to Plaintiff, as he risks losing his home without due process or resolution of his disputes.

**CAUSES OF ACTION**

**COUNT I:**
**VIOLATIONS OF THE REAL ESTATE**
**SETTLEMENT PROCEDURES ACT (RESPA)**

7

20. Plaintiff incorporates by reference the allegations in paragraphs 1 through 19 as if fully set forth herein.

21. Fay, as the servicer, and U.S. Bank, as the creditor, violated RESPA, 12 U.S.C. § 2605(e), and Regulation X, 12 C.F.R. § 1024.35 and § 1024.36, by failing to acknowledge the March 2, 2026, NOE/QWR within 5 business days, failing to provide a substantive response within 30 business days (with any permitted extensions), and failing to investigate and correct the identified errors, including the unacknowledged 2015 payoff, improper interest rate, unauthorized fees, inaccurate accounting, and dual-tracking.

22. Defendants' January 28, 2026, response was inadequate, as it dismissed the request as duplicative without addressing new evidence or providing requested documents, such as the life-of-loan history and chain of title.

23. As a direct and proximate result, Plaintiff has suffered actual damages, including emotional distress, credit damage, improper fees (e.g., $227.50), and the costs of disputing the errors. Plaintiff is entitled to actual damages, statutory damages up to $2,000 per violation under 12 U.S.C. § 2605(f), attorneys' fees, and costs.

8

## COUNT II:
## VIOLATIONS OF THE FAIR DEBT
## COLLECTION PRACTICES ACT (FDCPA)

24. Plaintiff incorporates by reference the allegations in paragraphs 1 through 19 as if fully set forth herein.

25. Fay is a "debt collector" under 15 U.S.C. § 1692a(6), as it regularly collects debts owed to others, and identified itself as such in correspondence.

26. Fay violated the FDCPA, including 15 U.S.C. § 1692e by using false representations (e.g., asserting an invalid debt and inaccurate default date), and 15 U.S.C. § 1692f by collecting unauthorized fees and attempting unfair foreclosure.

27. As a direct and proximate result, Plaintiff has suffered actual damages, including emotional distress, credit damage, and imminent home loss. Plaintiff is entitled to actual damages, statutory damages up to $1,000 per violation under 15 U.S.C. § 1692k, attorneys' fees, and costs.

## COUNT III:

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (FCRA)

28. Plaintiff incorporates by reference the allegations in paragraphs 1 through 19 as if fully set forth herein.

29. Defendants are "furnishers" of credit information under 15 U.S.C. § 1681s-2 and violated the FCRA by failing to conduct a reasonable investigation of

9

Plaintiff's disputes (via CFPB complaint and NOE), continuing to report inaccurate information (e.g., delinquency since 2020 despite alleged 2015 payoff), and failing to delete or correct inaccurate data.

30. Defendants received notice of the disputes but did not mark the account as disputed or update reports to reflect the 2015 payoff claim.

31. As a direct and proximate result, Plaintiff has suffered actual damages, including credit damage and emotional distress. Plaintiff is entitled to actual damages, statutory damages up to $1,000 per violation under 15 U.S.C. § 1681n or § 1681o, punitive damages, attorneys' fees, and costs.

## COUNT IV:

## BREACH OF CONTRACT

32. Plaintiff incorporates by reference the allegations in paragraphs 1 through 19 as if fully set forth herein.

33. The mortgage note and deed of trust constitute a valid contract between Plaintiff and the original creditor, binding on successors like U.S. Bank and its servicer Fay. The contract requires proper servicing, accurate accounting, application of payments, and compliance with applicable laws, including not assessing unauthorized fees or proceeding with foreclosure without valid default.

34. Defendants breached the contract by: (a) failing to acknowledge the 2015 payoff and release the lien; (b) applying an incorrect interest rate post-modification; (c) assessing improper fees (e.g., $227.50 foreclosure fee); (d) providing inaccurate statements; and (e) initiating wrongful foreclosure without valid debt.

35. As a direct and proximate result, Plaintiff has suffered damages, including overcharges, emotional distress, credit harm, and risk of home loss. Plaintiff is entitled to actual damages, specific performance (lien release), attorneys' fees, and costs.

## COUNT V:

## UNJUST ENRICHMENT

36. Plaintiff incorporates by reference the allegations in paragraphs 1 through 19 as if fully set forth herein.

37. Defendants have been unjustly enriched by retaining benefits from improper fees, interest accruals, and foreclosure actions on a debt that was paid off in 2015. Plaintiff conferred benefits on Defendants through alleged payments or forbearance, which Defendants accepted under circumstances making retention inequitable (e.g., without correcting errors).

11

38. It would be unjust for Defendants to retain these benefits without restitution. Plaintiff is entitled to restitution of all improper amounts (e.g., $227.50 fee, inflated balance of $30,194.55), plus interest, and other equitable relief.

## COUNT VI:

## DEFAMATION (INCLUDING LIBEL AND SLANDER)

39. Plaintiff incorporates by reference the allegations in paragraphs 1 through 19 as if fully set forth herein.

40. Under Alabama common law, defamation requires a false and defamatory statement concerning the plaintiff, communicated to a third party, with fault amounting to at least negligence, and either actionability per se or special damages.

41. Defendants published false statements of fact about Plaintiff to third parties, including credit reporting agencies, by reporting inaccurate derogatory information such as delinquency since January 1, 2020, default, and impending foreclosure, despite Plaintiff's repeated assertions that the loan was paid in full in 2015. These statements were communicated in writing (libel) via credit reports and potentially orally (slander) in communications related to the foreclosure.

42. The statements were false, as the debt is invalid and extinguished due to the 2015 payoff. Defendants acted with at least negligence, or recklessly, by

12

failing to investigate or correct the information after notice of the disputes (e.g., via CFPB complaint and NOE/QWR).

43. The statements are defamatory per se, as they impugn Plaintiff's financial integrity, creditworthiness, and honesty in business dealings, causing presumed harm. Alternatively, Plaintiff has suffered special damages, including credit damage, emotional distress, reputational harm, and financial losses.

44. As a direct and proximate result, Plaintiff has suffered actual damages, including reputational harm, emotional distress, and economic losses. Plaintiff is entitled to compensatory damages, punitive damages for willful or reckless conduct, attorneys' fees, and costs.

## COUNT VII:

## FALSE LIGHT

45. Plaintiff incorporates by reference the allegations in paragraphs 1 through 19 as if fully set forth herein.

46. Under Alabama common law, false light occurs when a defendant gives publicity to a matter concerning the plaintiff that places the plaintiff before the public in a false light that would be highly offensive to a reasonable person, with knowledge of the falsity or reckless disregard for the truth.

13

47. Defendants publicized false information about Plaintiff's private financial affairs to third parties, including credit reporting agencies and potentially the public via foreclosure notices, portraying Plaintiff as delinquent, in default, and facing foreclosure since 2020, despite the loan being paid off in 2015. This false portrayal suggests financial irresponsibility and would be highly offensive to a reasonable person.

48. Defendants knew or recklessly disregarded the falsity of the information, as they failed to correct it after multiple disputes and notices.

49. As a direct and proximate result, Plaintiff has suffered actual damages, including emotional distress, humiliation, reputational harm, and invasion of his privacy. Plaintiff is entitled to compensatory damages, punitive damages, attorneys' fees, and costs.

## COUNT VIII:

## INVASION OF PRIVACY

50. Plaintiff incorporates by reference the allegations in paragraphs 1 through 19 as if fully set forth herein.

51. Under Alabama common law, invasion of privacy includes wrongful intrusion upon seclusion, wrongful public disclosure of private facts, and other forms recognized by Alabama courts.

14

52. Defendants wrongfully intruded into Plaintiff's private financial affairs by continuing to service and report on an invalid debt, accessing and disclosing private account information without basis, and proceeding with foreclosure amid disputes. Additionally, Defendants publicly disclosed private facts about Plaintiff's alleged financial delinquency (e.g., via credit reports and foreclosure notices) that were false and not of legitimate public concern.

53. These actions were intentional or reckless, highly offensive to a reasonable person, and lacked any legitimate purpose, as the debt is invalid.

54. As a direct and proximate result, Plaintiff has suffered actual damages, including emotional distress, humiliation, reputational harm, and invasion of his privacy. Plaintiff is entitled to compensatory damages, punitive damages, attorneys' fees, and costs.

## COUNT IX:

## DECLARATORY RELIEF

55. Plaintiff incorporates by reference the allegations in paragraphs 1 through 19 as if fully set forth herein.

56. An actual controversy exists regarding the validity of the debt, the status of the lien, and Defendants' rights to foreclose. Plaintiff seeks a declaratory judgment under Ala. Code § 6-6-220 et seq. that: (a) the loan was paid in full in 2015; (b) the debt is invalid and extinguished; (c) the mortgage lien is

15

satisfied and must be released; (d) no default exists; and (e) Defendants have no right to foreclose or collect.

## COUNT X:

## QUIET TITLE

57. Plaintiff incorporates by reference the allegations in paragraphs 1 through 19 as if fully set forth herein.

58. Under Ala. Code § 6-6-540 et seq., Plaintiff seeks to quiet title to the Property, removing the cloud created by the invalid mortgage lien and foreclosure notices. The alleged debt is invalid due to the 2015 payoff, rendering any claimed interest by Defendants void. Plaintiff is in possession of the Property and seeks judgment declaring him the fee simple owner free of Defendants' claims, with the lien canceled and expunged from public records.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

16

A.    A Temporary Restraining Order (TRO), preliminary injunction, and permanent injunction enjoining Defendants from proceeding with the March 6, 2026, foreclosure sale or any related actions, including publication, auction, or eviction;

B.    Declaratory judgment as set forth in Count VI;

C.    Quiet title relief as set forth in Count VII, including cancellation of the lien and expungement from records;

D.    Actual damages in an amount to be proven at trial, including but not limited to emotional distress, credit damage, improper fees, and financial harm;

E.    Statutory damages under RESPA ($2,000 per violation), FDCPA ($1,000 per violation), and FCRA ($1,000 per violation);

F.    Punitive damages for willful and reckless conduct;

G.    Restitution for unjust enrichment;

H.    Attorneys' fees and costs pursuant to RESPA, FDCPA, FCRA, and other applicable laws;

I.    Such other and further relief as the Court deems just and proper.

17

RESPECTFULLY SUBMITTED:


/s/ Kenneth James Lay
LAY LAW  LLC
1117 22nd Street South
Birmingham, Alabama 35205
Tel: (205) 776-2051
Fax:(205) 776-2040
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

This is to certify that on this the 5th day of March  2026, a copy

of the forgoing Complaint has been served upon counsel for all parties

to this proceeding by U.S. Mail, postage prepaid.

Matthew Penhale, Esq.
McCalla Raymer Leibert Pierce, LLP
505 North 20th Street
Suite 1775
Birmingham Alabama 35203-2605


/s/ Kenneth J Lay
Kenneth Lay

18


ELECTRONICALLY FILED
3/9/2026 10:12 AM
02-CV-2026-900690.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
ASHLEIGH LONG, CLERK

## IN THE CIRCUIT COURT OF MOBILE  COUNTY ALABAMA

|  |  |  |
|---|---|---|
| WILLIAM GRAY, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | CV-2026-900690 |
| FAY SERVICING, LLC and | ) | |
| U.S. BANK TRUST COMPANY, | ) | |
| NATIONAL ASSOCIATION, as | ) | |
| INDENTURE TRUSTEE OF CIM | ) | |
| TRUST 2025-NR1,, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## JOINT MOTION TO CANCEL TRO HEARING

COME NOW the Parties Jointly, in the above referenced matter, and respectfully moves this Honorable Court to cancel the preliminary injunction hearing scheduled for March 10, 2026, and state the following in support thereof:

1. The foreclosure sale that formed the basis for Plaintiff's request for a Temporary Restraining Order was voluntarily cancelled by the Defendants on March 6, 2026.

2. There is no foreclosure sale presently set or pending in this matter.

3. Accordingly, the motion for the TRO is now moot and no hearing related to this TRO is necessary.

4. Thus, the parties jointly request that this Court cancel the presently scheduled hearing for the above stated reasons.

1

2

RESPECTFULLY SUBMITTED:

/s/ Kenneth James Lay

Kenneth James Lay

LAY LAW, LLC

1117 22nd Street South

Birmingham, Alabama 35205

Tel: (205) 776-2051

Fax: (205) 776-2040

Attorney for Plaintiff

/s/ Trey Speaks

Trey Speaks

 McCalla Raymer Leibert Pierce, LLC

505 North 20th Street

Suite 1775

Birmingham Alabama 35203-2605

Attorney for Defendants



ELECTRONICALLY FILED
3/5/2026 10:19 PM
02-CV-2026-900690.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
ASHLEIGH LONG, CLERK

### IN THE CIRCUIT COURT OF MOBILE  COUNTY ALABAMA

| | |
|---|---|
| WILLIAM GRAY, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: |
| | ) CV-2026-900690 |
| FAY SERVICING, LLC and | ) |
| U.S. BANK TRUST COMPANY, | ) |
| NATIONAL ASSOCIATION, as | ) |
| INDENTURE TRUSTEE OF CIM | ) |
| TRUST 2025-NR1,, | ) |
| | ) |
| DEFENDANTS. | ) |

### MOTION FOR TEMPORARY RESTRAINING ORDER

Comes now the Plaintiff, William Gray, by and through his attorney of record, Kenneth James Lay, and files his motion for a temporary restraining order preventing the Defendants from conducting a foreclosure sale of the property at issue in this case, and in support of said motion state the following:

1. That the Plaintiff filed a lawsuit in this matter on March 5, 2026. Although the Defendants have been served with the summons and complaint in this case by the undersigned, the Defendants have not answered or responded to said lawsuit at this time.

2. The lawsuit was originally filed with this Court related to a foreclosure sale which was previously set for March 6, 2026, for property located at 14685

1

Zirlott Road, Coden, Alabama 36523. That sale date is the reason for the filing of this motion.

3. The Defendants have refused to stop the foreclosure sale of the property, which is presently set for sale on March 6, 2026, between 11:00 a.m. and 4:00 p.m.

4. The Plaintiff has requested that this foreclosure sale date be canceled or postponed but have not gotten any response from Defendant's attorneys as to the status of this scheduled sale as of the filing of this motion.

5. In said complaint, Plaintiff has asserted that the scheduled foreclosure sale is unlawful and improper and in violation of the terms and conditions of the mortgage contract between the parties, as well as violations of RESPA, FDCPA, FCRA, and other claims including breach of contract, unjust enrichment, defamation, false light, invasion of privacy, quiet title, and declaratory relief. Plaintiff specifically disputes the validity of the debt, asserting it was paid in full in 2015.

6. If the foreclosure sale goes forward as scheduled on March 6, 2026, the Plaintiff will be irreparably harmed in this matter.

7. The Defendants that are conducting the sale have the ability to stop it. If the Defendants are allowed to conduct the sale of the property, they will cause immediate and irreparable injury to Plaintiff in the form of the loss of the property and monetary funds, and for its loss when it is wrongfully conveyed

2

to another. The factual and legal bases for this motion are set forth in detail in the Plaintiff's Complaint and this motion.

8. Accordingly, the Plaintiff is seeking a temporary restraining order from this Court preventing any foreclosure sale going forward until such time as the court can hear the issues raised in this matter.

9. The Defendants will not be unduly prejudiced by the court granting this motion or by the court granting a short delay of any foreclosure of the property at issue in this matter.

WHEREFORE PREMISES CONSIDERED, the Plaintiff prays that this honorable court will grant his motion for a TRO and issue a temporary restraining order prohibiting the Defendants from foreclosing on this property at issue in this case for a period of 30 days or until this Court can hear the matters and issues related to this the foreclosure of this property as stated herein.

RESPECTFULLY SUBMITTED:


/s/ Kenneth James Lay
Kenneth James Lay
LAY LAW, LLC
1117 22nd Street South
Birmingham, Alabama 35205
Tel: (205) 776-2051
Fax: (205) 776-2040
Attorney for Plaintiff

3

## CERTIFICATE OF SERVICE

This is to certify that on this the 5th day of March  2026, a copy

of the forgoing motion for a TRO has been served upon counsel for all

parties to this proceeding by U.S. Mail, postage prepaid.

Matthew Penhale, Esq.
McCalla Raymer Leibert Pierce, LLP
505 North 20th Street
Suite 1775
Birmingham Alabama 35203-2605


 /s/ Kenneth J Lay
Kenneth Lay

4

ELECTRONICALLY FILED
3/7/2026 12:06 AM
02-CV-2026-900690.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
ASHLEIGH LONG, CLERK

IN THE CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| WILLIAM A. GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 02-CV-2026-900690.00 |
| | ) | |
| FAY SERVICING, LLC and | ) | |
| U.S. BANK TRUST COMPANY, | ) | |
| NATIONAL ASSOCIATION, | ) | |
| not in its individual capacity | ) | |
| but solely in its capacity as | ) | |
| Indenture Trustee of | ) | |
| CIM Trust 2025-NR1, | ) | |
| | | |
| Defendants. | | |

## NOTICE OF APPEARANCE

Comes now the undersigned counsel, Trey Speaks, of McCalla Raymer Leibert Pierce, LLP, and hereby enters his appearance as attorney of record for the Defendants, Fay Servicing, LLC and U.S. Bank Trust Company, National Association, not in its individual capacity but solely in its capacity as Indenture Trustee of CIM Trust 2025-NR1, in the above-styled cause. All future pleadings, notices, and correspondence should be directed to the undersigned at the address shown below.

Respectfully submitted,

McCALLA RAYMER LEIBERT PIERCE, LLP

/s/ Trey Speaks
Trey Speaks (SPE059)
505 20th Street North, Suite 1775
Birmingham, Alabama 35203
678-459-1057
Trey.speaks@mccalla.com

1

## CERTIFICATE OF SERVICE

I hereby certify that on this ___ day of March, 2026, a true and correct copy of the foregoing Notice of Appearance was served via the AlaFile system and electronic mail upon:

Kenneth J. Lay, Esq.
Lay Law LLC
1117 22nd Street South
Birmingham, Alabama 35205
Email: kenneth.j.lay@gmail.com

/s/ Trey Speaks
Trey Speaks

ELECTRONICALLY FILED
3/7/2026 12:06 AM
02-CV-2026-900690.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
ASHLEIGH LONG, CLERK

IN THE CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| WILLIAM A. GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 02-CV-2026-900690.00 |
| | ) | |
| FAY SERVICING, LLC and | ) | |
| U.S. BANK TRUST COMPANY, | ) | |
| NATIONAL ASSOCIATION, | ) | |
| not in its individual capacity | ) | |
| but solely in its capacity as | ) | |
| Indenture Trustee of | ) | |
| CIM Trust 2025-NR1, | ) | |
| | | |
| Defendants. | | |

## NOTICE OF APPEARANCE

Comes now the undersigned counsel, Trey Speaks, of McCalla Raymer Leibert Pierce, LLP, and hereby enters his appearance as attorney of record for the Defendants, Fay Servicing, LLC and U.S. Bank Trust Company, National Association, not in its individual capacity but solely in its capacity as Indenture Trustee of CIM Trust 2025-NR1, in the above-styled cause. All future pleadings, notices, and correspondence should be directed to the undersigned at the address shown below.

Respectfully submitted,

McCALLA RAYMER LEIBERT PIERCE, LLP

/s/ Trey Speaks
Trey Speaks (SPE059)
505 20th Street North, Suite 1775
Birmingham, Alabama 35203
678-459-1057
Trey.speaks@mccalla.com

1

## CERTIFICATE OF SERVICE

I hereby certify that on this ___ day of March, 2026, a true and correct copy of the foregoing Notice of Appearance was served via the AlaFile system and electronic mail upon:

Kenneth J. Lay, Esq.
Lay Law LLC
1117 22nd Street South
Birmingham, Alabama 35205
Email: kenneth.j.lay@gmail.com

/s/ Trey Speaks<br/>Trey Speaks



ELECTRONICALLY FILED
3/9/2026 2:16 PM
02-CV-2026-900690.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
ASHLEIGH LONG, CLERK

# IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | |
|---|---|
| GRAY WILLIAM A., | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Case No.:    CV-2026-900690.00 |
| | ) |
| FAY SERVICING, LLC, | ) |
| U.S. BANK TRUST COMPANY, | ) |
| NATIONAL ASSOCIATION, | |
| Defendants. | ) |

## ORDER

Joint Motion to Cancel TRO hearing is **GRANTED**.

**DONE this 9th day of March, 2026.**

/s/ **VICKI M DAVIS**
**CIRCUIT JUDGE**



ELECTRONICALLY FILED
3/6/2026 9:18 AM
02-CV-2026-900690.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
ASHLEIGH LONG, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | |
|---|---|
| GRAY WILLIAM A., | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Case No.:    CV-2026-900690.00 |
| | ) |
| FAY SERVICING, LLC, | ) |
| U.S. BANK TRUST COMPANY, | ) |
| NATIONAL ASSOCIATION, | ) |
| Defendants. | ) |

## ORDER

MOTION FOR TRO TO PREVENT FORECLOSURE SALE filed by the attorney for GRAY WILLIAM A. is hereby GRANTED.

**Foreclosure sale set on March 6, 2026 is Ordered not to go forward.**

Hearing is set on Tuesday, March 10, 2026, 10:00 a.m. courtroom 6600.

All parties are Ordered to appear in court, including Plaintiff and Defendant with their attorney.

Plaintiff to send copy of this Order to Defendant's attorneys and have them served on the Defendants.


**DONE this 6th day of March, 2026.**

/s/ **VICKI M DAVIS**
**CIRCUIT JUDGE**

![UNITED STATES POSTAL SERVICE]

March 12, 2026

Dear Circuit Clerk:

**UJS Information**

Case Number: 02-CV-2026-900690.00
Document Type: Complaint
Restricted Delivery Requested: No

Intended Recipient:
 FAY SERVICING, LLC  (D001)
C/O CORPORATION SERVICE
641 SOUTH LAWRENCE STREET
MONTGOMERY, AL 36104

The following is in response to your request for proof of delivery on your item with the tracking number: **9214 8901 7301 4102 2600 0357 58**.

## Item Details

| | |
|---|---|
| **Status:** | Delivered to Agent, Left with Individual |
| **Status Date / Time:** | March 12, 2026, 12:22 pm |
| **Location:** | MONTGOMERY, AL 36104 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |

## Recipient Signature

Signature of Recipient:
(Authorized Agent)



Address of Recipient:

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

**UNITED STATES POSTAL SERVICE**

March 16, 2026

Dear Circuit Clerk:

**UJS Information**

Case Number: 02-CV-2026-900690.00
Document Type: Complaint
Restricted Delivery Requested: No

Intended Recipient:
 U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION
C/O CT CORPORATION
2 N. JACKSON ST. STE. 605
MONTGOMERY, AL 36104

The following is in response to your request for proof of delivery on your item with the tracking number: **9214 8901 7301 4102 2600 0357 65**.

## Item Details

| | |
|---|---|
| **Status:** | Delivered, Individual Picked Up at Postal Facility |
| **Status Date / Time:** | March 16, 2026, 8:23 am |
| **Location:** | MONTGOMERY, AL 36104 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |

## Recipient Signature

Signature of Recipient:

Address of Recipient:



Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004